UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| SOUTHWEST OHIO REGIONAL<br>COUNCIL OF CARPENTERS<br>PENSION FUND, *et al.*, | Case No. 1:05-cv-19<br><br>Watson, J.<br>Black, M.J. |
| Plaintiffs, | |
| vs. | |
| PJH CONSTRUCTION, LLC, *et al.*, | |
| Defendants. | |

### REPORT AND RECOMMENDATION[1] THAT: (1) PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT (Doc. 9) BE GRANTED; AND (2) THIS CASE BE CLOSED.

Plaintiffs initiated this action by filing a Complaint against Defendants PJH Construction, L.L.C., and Patrick J. Habel on January 10, 2005. (Doc. 1). Plaintiffs seek to recover unpaid contributions to employee benefit plans under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, plus liquidated damages and interest. Plaintiffs also seek attorneys' fees and costs.

On the grounds that Defendants were properly served with summonses and copies of the Complaint (*see* docs. 4, 5), and have failed to answer, move, or otherwise plead, Plaintiffs filed a motion for entry of default (doc. 8) and a motion for default judgment awarding damages in the total amount of $74,716.12, plus interest (doc. 9).

On May 25, 2005, in accordance with Fed. R. Civ. P. 55(a), the Clerk of Courts filed an Entry of Default because Defendants had failed to plead, answer, or otherwise

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

move or defend against Plaintiffs' complaint.  (Doc. 11).

Given the fact that Defendants have failed to appear and respond to Plaintiffs' complaint, to the motion for entry of default, or to the motion for default judgment, Default Judgment against them is warranted at this point in the litigation.  *See* Fed. R. Civ. P. 55(a), (b).

Plaintiffs inform the Court, based on their review of records relating to the contractual obligations of Defendants to Plaintiffs for benefit funds, as follows:

> Defendants are indebted to Plaintiff Funds in the amounts of $52,109.19 for delinquent contributions, and pursuant to ERISA, 29 U.S.C. [§§] 1132 and 1145, Plaintiffs are entitled to collect interest on the delinquent contributions, which amounts to $2,605.46 for said delinquent contributions and payments.  Defendants also are indebted to the Plaintiffs for liquidated damages in the amount of $10,421.84, delinquent contributions and payments from a previous settlement agreement in the amount of $4,000.00, deferred liquidated damages from a previous settlement agreement in the amount of $3,829.63, attorney fees in the amount of $1,600.00 and Court costs in the amount of $150.00, for a total judgment of $74,716.12 plus interest at the federal rate.

(Doc. 9-2, "Declaration of David L. Chaney" at ¶ 2).

Given these facts and the complete absence of opposition by Defendants to Plaintiffs' motion for default judgment, the calculations of damages stated therein – supported by the declaration of David L. Chaney – make fixed and certain the amount of Plaintiffs' damages.  Consequently, Default Judgment in the amounts set forth in Plaintiffs' memorandum in support of default judgment is appropriate without an adversarial hearing.  *See* Fed. R. Civ. P. 55(b).

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's Motion for Default Judgment (Doc. 9) be **GRANTED**; and

2. Default Judgment be entered in Plaintiffs' favor and against Defendants, jointly and severally, in the following amounts:

    - The amount of $52,109.19 for delinquent benefit contributions;

    - Interest on the delinquent benefit contributions in the amount of $2,605.46;

    - Liquidated damages in the amount of $10,421.84 from a previous settlement;

    - Delinquent contributions and payments from a previous settlement agreement in the amount of $4,000.00

    - Deferred liquidated damages from a previous settlement agreement in the amount of $3,829.63; and

    - The amount of $1,600.00 for Plaintiffs' reasonable attorney fees, $150.00 for the costs of this action, and interest;

    - All for a total judgment amount of $74,716.12; plus interest at the federal rate from entry of judgment until paid.

and

3. This case be **CLOSED.**

Date:  6/28/05                              s/Timothy S. Black
                                            Timothy S. Black
                                            United States Magistrate Judge

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| SOUTHWEST OHIO REGIONAL<br>COUNCIL OF CARPENTERS<br>PENSION FUND, *et al.,* | Case No. 1:05-cv-19<br><br>Watson, J.<br>Black, M.J. |
| Plaintiffs, | |
| vs. | |
| PJH CONSTRUCTION, LLC, *et al.,* | |
| Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation within **TEN DAYS** after being served with a copy thereof. That period may be extended by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the Report and Recommendation objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to an opponent's objections within **TEN DAYS** after being served with a copy those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).